UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Oscar Quiroz Peraza, )<br>)<br>On behalf of himself and all )<br>others similarly situated, )<br>)<br>      Plaintiffs, )<br>)<br>      v. )<br>)<br>G & M Management, LLC )<br>d/b/a Branford Car Wash )<br>) | August 21, 2019 |

**COLLECTIVE ACTION COMPLAINT**

    1.    Plaintiff worked for the Defendant, a car wash, cleaning and detailing cars. Defendant enacted policies to illegally retain customer tips meant for Plaintiff and similarly situated employees, including by running a tip pool that diverted customer to managers and supervisors, and by enacting a policy that any employee who arrived even one minute late would lose half or all of their earned tips. These policies violated the Fair Labor Standards Act and Connecticut statutory provisions.

    2.    Plaintiff alleges, on behalf of himself, and all other similarly-situated current and former employees of Defendant who elect to opt into this action, pursuant to the FLSA, 29 U.S.C. § 216(b), that they are (i) entitled to unpaid wages from the Defendant for all tips illegally retained by the Defendant, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*.

    3.    Plaintiff also, for himself, seeks remedies under state law for non-payment of all wages due pursuant to Conn. Gen. §§ 31-71 and 31-72.

4.  In addition, Plaintiff additionally seeks damages for Defendant's retaliatory termination of him, as provided pursuant to 39 U.S.C. § 215(a)(3).

## Jurisdiction and Venue

5.  This court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216 and 28 U.S.C. §1331, and has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6.  Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred within this judicial district.

## Parties

7.  Plaintiff is a resident of Connecticut who worked for Defendant.

8.  Defendant is a company registered in Connecticut that employed the Plaintiff, and is located at 938 W. Main Street in Branford, Connecticut.

## Facts

9.  Plaintiff began working for Defendant in 2016.

10. Plaintiff worked detailing, washing cars, and helping with oil changes.

11. At all times, Defendant paid Plaintiff Quiroz approximately $10/hour.

12. At all times, Defendant put Plaintiff's tips into a pool that included the managers Mynor and John, neither of whom did tipped work regularly.

13. Jose Gosp, an owner, took money out of the tip pool, as well.

14. Every time Plaintiff allegedly violated any of Defendant's policies, like arriving even one minute late or "talking back" to management, Defendant would take between 50% and 100% of his tips away from him.

15. Defendant fired Plaintiff for complaining about this unfair and illegal tip policy.

**Collective Action Allegations**

16. Plaintiff brings his claim, based on Defendant's policies of putting managers and an owner into an employee tip pool, allowing managers and owners to retain employee tips, and retaining employee tips when employees allegedly violate other company policies, on behalf of himself and all current or former employees who worked for Defendant at any time during the three years prior to the date of filing of this complaint, who lost wages as a result of these policies, and who elect to opt into this action (the "FLSA Collective").

**COUNT ONE – FAIR LABOR STANDARDS ACT**
**(ILLEGAL TIP RETENTION POLICIES)**

17. By the conduct described above, Defendant willfully and illegally withheld Plaintiff's tips, along with the tips of all similarly-situated employees, in violation of 29 U.S.C. § 216(b) and 29 U.S.C. § 203(m)(2)(B), resulting in a loss of wages for that group.

**COUNT TWO – FAIR LABOR STANDARDS ACT**
**(RETALIATION)**

18. By the conduct described above, Defendant illegally retaliated against Plaintiff for engaging in protected activity, in violation of 29 U.S.C. Sec. 215.

19. As a result of Defendant's unlawful termination, Plaintiff suffered lost wages, emotional distress, and other losses.

**COUNT THREE – CONNECTICUT WAGE PAYMENT LAW**

20. By not paying all wages due, Defendant illegally withheld wages pursuant to Conn. Gen. Stat. §§ 31-71 and 31-72, leading to a loss of income for Plaintiff.

**Prayer for Relief**

WHEREFORE, Plaintiff prays that the Court award:

1. All compensation due and owing him and similarly-situated employees by Defendant;

2. Liquidated damages in equal amounts to their unpaid tips, pursuant to 29 U.S.C. Sec. 216(b);

3. Double damages for any violation of Conn. Gen. Stat. § 31-71, pursuant to Conn. Gen. Stat. § 31-72;

4. Compensatory, emotional distress, and punitive damages, including back- and front-pay, pursuant to 29 U.S.C. Sec. 215;

5. Costs and reasonable attorney's fees pursuant to 29 U.S.C. Sec. 216(b) and Conn. Gen. Stat. 31-72; and

6. Such other legal or equitable relief as the Court may deem just.

DATED:  August 21, 2019

>Respectfully Submitted,
>
>**THE PLAINTIFF**
>
>By: /s/ James Bhandary-Alexander
>James Bhandary-Alexander (ct28135)
>New Haven Legal Assistance Assoc.
>426 State Street
>New Haven, CT 06510
>(203) 946-4811
>(203) 498-9271 (fax)
>Jbhandary-alexander@nhlegal.org
>Their Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2019, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or

...

by mail as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                                  /s/_____
                                                  James Bhandary-Alexander